GRIFFIN, J.
Petitioner, AGIC, Inc. ([“AGIC”], seeks certiorari review of the order granting Respondent, Irvin B. Green & Associates, Inc.’s [“IBGA”], motion to disqualify its counsel, Shutts & Bowen, LLP [“Shutts & Bowen”].[1] In February 2010, prior to the filing of the lower court action, IBGA retained attorney Ellen Novoseletsky [“Novoseletsky”] to provide some drafting advice for the amendment to the Managing General Agency agreement [“MGA”]) between IBGA and AGIC. Novoseletsky spent approximately five billable hours on the assignment. Novoseletsky subsequently joined Shutts & Bowen in October 2011.
Respondent, North American Risk Services, Inc. [“NARS”], originally filed the underlying action against AGIC on August 27, 2012. The complaint included claims against AGIC for breach of contract and against IBGA for indemnity. The legal dispute arose out of the relationship between the parties pursuant to two contracts, the amended MGA and a Claims Service Agreement [“CSA”]. In the original MGA, IBGA contracted with AGIC (an insurance company in Florida) to serve as AGIC’s managing general agent. In the CSA, NARS contracted with both AGIC and IBGA to process insurance claims for AGIC. Pursuant to the terms of the CSA, NARS was responsible for processing claims and IBGA was responsible for originating policies for AGIC.
On June 7, 2012, AGIC terminated both NARS and IBGA on the basis of their gross negligence and inaction in the performance of their duties in handling policies, including administration, underwriting, and adjusting. NARS then filed suit against AGIC for not making payments under the terms of the contract and for wrongful termination. As IBGA was also sued by NARS for indemnity, IBGA on September 13, 2012, filed a counterclaim against NARS and a cross-claim against AGIC.
Prior to the filing of its answer/affirmative defenses and cross-claim/counterclaim, IBGA learned that the law firm of Shutts & Bowen was representing AGIC with regard to the present legal dispute. Because Ellen Novoseletsky, a partner at Shutts & Bowen, previously represented IBGA with regard to the drafting of the amended MGA, IBGA moved to disqualify Shutts & Bowen at the same time it filed its answer.
IBGA’s executive vice-president, Tom Johnston, submitted an affidavit which states, in part:
In or about February 2010, attorney Ellen Novoseletsky was retained by Irvin B. Green & Associates, Inc. to help draft a Managing General Agency Agreement.
During the time that attorney Novose-letsky was retained by Irvin B. Green & Associates, Inc., internal, confidential information was discussed between myself, attorney Novoseletsky and a select few management-level employees at Irvin B. Green & Associates, Inc. These discussions were directly related to the terms and intent of the Managing General Agency Agreement that attorney Novoseletsky was helping to revise and draft.
*191 Ms. Novoseletsky submitted an affidavit on behalf of AGIC which stated, in part:
Prior to joining Shutts & Bowen, I was employed by Hicks Porter Ebenfeld & Stein, P.A. (“Hicks Porter”) from April 2001 to August 2011.
While at Hicks Porter, I represented Irvin B. Green & Associates, Inc. (“IBGA”) in connection with the review of and revisions to an agreement between IBGA and AGIC, INC. (“AGIC”), the Management General Agency Agreement (the “MGA”).
During the course of my representation of IBGA, I had no involvement whatsoever with the instant litigation between IBGA, AGIC and North American Risk Services, Inc. (“NARS”). I have had no involvement with the litigation between the parties and have no access to any files in that case.
During the course of my representation of IBGA, I had no communication with representatives of IBGA about the actual performance or breach of any obligation by any party to the MGA or any other agreement involving AGIC.
On March 13, 2013, the trial court heard argument on IBGA’s motion to disqualify counsel, but did not conduct an evidentiary hearing. On March 28, 2013, the trial court entered its order disqualifying Shutts & Bowen.
At the outset, we note that the order contains a factual error:
From April 2001 through August 2011, Attorney Ellen Novoseletsky represented IBGA.
Neither party asserted that Novoseletsky represented IBGA for over ten years. Novoseletsky’s affidavit stated: “I was employed by Hicks Porter Ebenfeld & Stein, PA from April 2001 to August 2011.” She only represented IBGA during the month of February 2010, as verified by Johnston’s affidavit. Her supplemental affidavit clarified that her representation of IBGA took place in February 2010, was limited exclusively to reviewing and revising the MGA, and involved about five hours of attorney time. She added that she joined Shutts & Bowen in October 2011, and reiterated that she had no knowledge or information as to any matters involving breach or performance under the MGA.[2]
In its order granting the motion to disqualify, the trial court found that during the time of representation as IBGA’s attorney:
Ellen Novoseletsky was privy to confidential information directly related to the terms and intent of the MGA.
AGIC asserts that Novoseletsky has never worked on the instant litigation and has no access to the files of the case. Nor does the instant litigation involve the interpretation of the MGA. AGIC argues that the trial court departed from the essential requirements of law by disqualifying Shutts & Bowen, as Novoseletsky did not possess any confidential information of IBGA that is material to the underlying action. In the alternative, AGIC argues that an evidentiary hearing should have been conducted since the affidavit filed on behalf of IBGA indicated that confidential information was disclosed to Novoseletsky, while the affidavit filed on behalf of AGIC indicated that no material, confidential information was disclosed.
Rule 4-1.10(b) of the Florida Rules of Professional Conduct deals with a lawyer who formerly represented a client in another firm, providing:
Imputation of Conflicts of Interest; General Rule
*192 (b) Former Clients of Newly Associated Lawyer.
When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.
Although Johnston’s affidavit asserted that confidential disclosures were made during Novoseletsky’s representation of IBGA, it is not clear from the affidavit whether these confidential communications would be material to the issues in the underlying litigation. Johnston’s affidavit states only that the discussions concerned the intent and terms of the MGA. At the non-eviden-tiary hearing the trial judge observed:
I think there has to be an evidentiary hearing because there’s no way for this Court to know when you have competing affidavits. One’s saying that the only information obtained is not material to this lawsuit and I’m not involved in the lawsuit. And the other affidavit doesn’t specifically say that but may infer that.
In the same vein, the trial judge later stated, “I just don’t think I have enough,” and decided to defer ruling on the motion to disqualify. However, the trial judge later entered the order granting the motion to disqualify without first conducting an evidentiary hearing. The judge’s first instincts were correct.
In Solomon v. Dickison, 916 So.2d 943 (Fla. 1st DCA 2005), a medical patient and her parents filed a petition for writ of certiorari challenging the trial court’s order disqualifying their attorney and his law firm from representing them in a medical malpractice action against a hospital based on the attorney’s former association with the hospital’s law firm. The First District Court of Appeal quashed the trial court’s order. The First District found that the case was controlled by Rule 4-1.10(b) because it involved a motion for disqualification of opposing counsel who transferred from one firm to another. The court held that since the plaintiffs’ attorney did not represent the hospital with respect to the plaintiffs’ claim before switching firms, the proper standard was whether the attorney acquired confidential information that was material to the instant claim while working for the former firm. Because there was conflicting evidence as to that issue, the trial court departed from the essential requirements of law in disqualifying the law firm without resolving the factual dispute. The trial court in that case merely presumed that confidences were disclosed based on the attorney’s prior representation of the hospital.
Although IBGA asserts that the competing affidavits are not in conflict, there is a factual issue that the trial court needs to resolve by an evidentiary hearing before the Shutts & Bowen can be disqualified. The trial court must receive evidence to determine if, during her limited representation of IBGA, Novoseletsky received confidential information material to the issues in the underlying litigation. We accordingly grant the petition for certiorari, quash the order disqualifying counsel and remand for an evidentiary hearing to determine the facts.
Petition GRANTED; Order QUASHED; and REMANDED.
TORPY, C.J., and ORFINGER, J„ concur.

. An order granting a motion to disqualify counsel may be reviewed by certiorari. See Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978) (certiorari petition granted where counsel was removed from case without an evidentiary hearing, and affidavits filed by the parties did not agree on the issue presented).

. This supplemental affidavit was filed in connection with the motion for reconsideration.